UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ACQUANITA MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-1221-JD |
| | ) |
| OKLAHOMA DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, as Special Administrator for the Estate of Myron Martin, brings this action alleging violations of Mr. Martin's federal constitutional rights while he was imprisoned at the Mack Alford Correctional Center. Compl., Doc. 1. This matter has been referred by United States District Judge Jodi W. Dishman for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned Magistrate Judge recommends that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

### I.     Plaintiff's Claims

Plaintiff brings suit against (1) the Oklahoma Department of Corrections; (2) Margaret Green, the Executive Director and Warden for the Mack Alford Correctional Center; and (3) ten unnamed guards, jail staff, and medical staff employed at the Mack Alford Correctional Center. Compl. at 1-2. Plaintiff's claims arise from alleged events

leading to and including Mr. Martin's death, which occurred while Mr. Martin was held in an administrative segregation unit at the Mack Alford Correctional Center. Compl. at 2-3.

## II. Transfer of Venue

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(1), (2). Even if the venue chosen by a plaintiff is proper, a court "may transfer any civil action to any other district or division where it may have been brought" "[f]or the convenience of the parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Further, a court may sua sponte "raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010) (citing *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1545 (10th Cir. 1996); *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006)).

When determining whether a transfer of venue is convenient and in the interest of justice, a court generally considers the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof including the availability of compulsory process to [en]sure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (internal quotation marks omitted). "The convenience of witnesses is the most important factor" when considering whether to transfer under § 1404(a). *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) (internal quotation marks omitted). Ultimately, § 1404(a) "is intended to place discretion in the district court to adjudicate . . . transfer[s] according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted).

### III.     Analysis

Plaintiff alleges Mr. Martin's constitutional rights were violated at the Mack Alford Correctional Center. That state prison is located in Atoka County, Oklahoma, within the territorial jurisdiction of the United States District Court for the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). Plaintiff brings suit against Defendant Green and other defendants employed at the Mack Alford Correctional Center and who presumably reside in the Eastern District of Oklahoma. Compl. at 2-3.

Plaintiff also sues the Oklahoma Department of Corrections and lists that entity as a resident of Oklahoma County. Doc. 1-1 at 1. Plaintiff's claims against the Oklahoma Department of Corrections, however, arise out of alleged events that occurred at the Mack Alford Correctional Center in the Eastern District of Oklahoma. Thus, notwithstanding Plaintiff's assertion that "[t]he events giving rise to this litigation occurred within the territorial jurisdiction of this Court," Compl. at 2, such alleged events actually occurred within the territorial jurisdiction of the District Court for the Eastern District of Oklahoma.

A transfer to the Eastern District of Oklahoma "not only would enhance the convenience of the parties and the witnesses, but also advance the interest of justice." *Anderson v. Wilkinson*, No. CIV-15-1224-W, 2016 WL 324979, at *2 n.4 (W.D. Okla. Jan. 27, 2016); *see also Pink v. Harpe*, No. CIV-24-969-J, 2024 WL 4524812, at *2 (W.D. Okla. Oct. 18, 2024) (finding the interests of justice and convenience favored transfer under § 1404(a) to the Eastern District of Oklahoma when events underlying plaintiff's claims occurred at a state prison in the Eastern District of Oklahoma).

### IV.   Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **TRANSFER** this action, with all pleadings filed in this Court, to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

Plaintiff is advised of her right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of this Court by December 18, 2024. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 4th day of December, 2024.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE