## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ACQUANITA MARTIN, as Special Administrator for the Estate of Myron Martin, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-01221-JD |
| | ) | |
| OKLAHOMA DEPARTMENT OF CORRECTIONS; WARDEN MARGARET GREEN; and JOHN DOES 1–10, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Chris M. Stephens entered on December 4, 2024. [Doc. No. 4].

Plaintiff Acquanita Martin ("Plaintiff"), as special administrator for the estate of Myron Martin, brings constitutional claims under 42 U.S.C. § 1983 arising out of alleged events that led to Mr. Martin's death while he was incarcerated at the Mack Alford Correctional Center. [Doc. No. 1 at 1–4]. Plaintiff sues the Oklahoma Department of Corrections; Margaret Green, the executive director and warden for the Mack Alford Correctional Center; and ten unnamed guards, jail staff, and medical staff employed at the correctional center. [*Id.* at 1–2].

The Mack Alford Correctional Center is in Atoka County, Oklahoma, within the territorial jurisdiction of the United States District Court for the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b); *see also United States v. Piggie*, 622 F.2d 486, 488

(10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

The Report and Recommendation recommends transferring this action to the Eastern District of Oklahoma because that is where Plaintiff alleges Mr. Martin's constitutional rights were violated and presumably where the defendants reside. [Doc. No. 4 at 3]. In the Report and Recommendation, Judge Stephens advised Plaintiff of her right to file an objection to the Report and Recommendation with the Clerk of Court by December 18, 2024. [*Id.* at 4]. He further advised that "[f]ailure to object timely to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. [*Id.*] (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Plaintiff, who is represented by counsel, did not file an objection or request an extension of time to object.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives its rights to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections).

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to

the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review; these factors include: "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

Here, Plaintiff is not proceeding pro se, and the interests of justice do not require review. The Court has no evidence of Plaintiff or her counsel's effort to comply or an explanation for her failure to comply. Thus, the firm waiver rule applies, and Plaintiff has waived her right to challenge the Report and Recommendation.

Nevertheless, de novo review of the Report and Recommendation would lead the Court to reach the same conclusion as Judge Stephens: a transfer to the Eastern District of Oklahoma is proper. Under 28 U.S.C. § 1391(b)(1) and (2), venue is proper in "a judicial district in which any defendant resides" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." *Id.*

§ 1404(a). A court may *sua sponte* determine that a transfer to another federal district would promote the interests of justice. *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). The Court must weigh certain factors to determine if a transfer would be in the interests of justice; these factors include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (alteration in original) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

Here, the events giving rise to Plaintiff's claim took place in the Eastern District of Oklahoma, and that is presumably where Defendants reside. Thus, venue is proper in that district. Although Plaintiff chose this forum, witnesses and other sources of proof are likely to be most accessible in the Eastern District of Oklahoma, and "[t]he convenience of witnesses is the most important factor" in the interests of justice analysis. *Id.* at 1169 (citation omitted). Because the action would remain in the state of Oklahoma, there would not be issues as to the enforceability of a judgment or conflict of laws. Transferring this action to the Eastern District of Oklahoma would make resolving this action more expeditious and economical because it would presumably be more convenient for the parties and any witnesses. Therefore, a transfer to the Eastern District

of Oklahoma is in the interests of justice under 28 U.S.C. § 1404(a).

The Court therefore ADOPTS the Report and Recommendation [Doc. No. 4] in its entirety for the reasons stated therein. The Clerk of the Court is directed to TRANSFER this matter to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

IT IS SO ORDERED this 26th day of December 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE